UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES MCKINNEY, | ) FILED: MAY 18, 2009 |
|  | ) 09CV2988 |
| Plaintiff, | ) JUDGE DER-YEGHIAYAN |
|  | ) MAGISTRATE JUDGE DENLOW |
| vs. | ) BR |
|  | )    Case No. |
| WINDHAM PROFESSIONALS, INC., | ) |
|  | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHARLES MCKINNEY ("Plaintiff"), by and through Plaintiff's attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, WINDHAM PROFESSIONALS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business and is located in the state of Illinois, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in St. Louis, Missouri.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and contacted Plaintiff in an attempt to collect a consumer debt.

9. Defendant is a national company with a business office located in Bloomingdale, DuPage County, Illinois.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant places calls from 1-888-241-8262 and 1-877-278-6209.

14. Defendant places calls to Plaintiff at home and at work.

15. Defendant threatened to garnish Plaintiff's wages.

16. Defendant threatened to place a lien on Plaintiff's car.

17. Defendant's collector stated to Plaintiff that he worked for the government.

18. Defendant disclosed to third parties that Plaintiff owes a debt and/or that it was attempting to collect a debt from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692c(b) of the FDCPA by communicating information in connection with the alleged debt with third parties.

b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff.

c. Defendant violated §1692e(a) of the FDCPA by falsely representing that Defendant was affiliated with the United States or any State because Defendant's collector state he worked for the government.

d. Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages.

e. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment will result in seizure and/or attachment of Plaintiff's property because Defendant threatened to place a lien on Plaintiff's car.

f. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to collect a debt because Defendant threatened to garnish Plaintiff's wages.

g. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to collect a debt because Defendant threatened to put a lien on Plaintiff's car.

h. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to collect a debt because Defendant's collector represented to Plaintiff that he worked for the government.

20. As a direct and proximate result of Defendant's foregoing actions, Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, CHARLES MCKINNEY, respectfully requests judgment be entered against Defendant, WINDHAM PROFESSIONALS, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

23. Actual damages;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Adam J. Krohn
Adam J. Krohn
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, IL 60602
(800) 875-3666 ext. 244
(866) 802-0021 (fax)
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES MCKINNEY, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, CHARLES MCKINNEY, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHARLES MCKINNEY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_May 6, 2009_
Date

_Charles McKinney_
CHARLES MCKINNEY

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I have been really nervous at work lately since they have called my job, and every time the manager has something to tell me I think she is about to say something regarding Windham collections calling again._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _May 6, 2009_

_Charles McKinney_
Signed Name

_Charles McKinney_
Printed Name